UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

JAMES DALE EVANS, )
 )
    Petitioner, ) Civil No. 0: 16-46-HRW
 )
V. )
 )
JODIE SNYDER-NORRIS, ) **MEMORANDUM OPINION**
 ) **AND ORDER**
    Respondent. )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate James Dale Evans is confined at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without an attorney, Evans has filed an original and supplemental petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1, 7] and has paid the five dollar habeas filing fee. [D. E. No. 6]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Evans's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts

1

the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In February 2004, Evans was indicted by a federal grand jury sitting in Florence, South Carolina of the possession and interstate transmission of child pornography in violation of 18 U.S.C. §§ 2552A(a)(1), (a)(5)(B). Following trial, a jury found Evans guilty of both counts. While Evans' Base Offense Level for the possession and transmission counts were 15 and 17 respectively, his Total Offense Level was 37 for both counts based upon 20 or more points of enhancements, including for depictions of minors under 12 years of age; distribution of the images; the portrayal of sado-masochistic conduct; computer use of the material; possession of more than 600 pornographic images; and obstruction of justice. Accordingly, in December 2004 Evans was sentenced to a cumulative term of 246 months incarceration. The Fourth Circuit affirmed Evans' conviction and sentence on direct appeal. See *United States v. Evans*, No. 4: 04-CR-140-TLW-1 (D.S.C. 2004); Brief for Appellee, *United States v. Evans*, 196 F. App'x 194 (4th Cir. 2006), No. 05-4093, 2006 WL 1071305, at *3-4; *United States v. Evans*, 196 F. App'x 194 (4th Cir. 2006).

In 2008, Evans sought relief from his conviction pursuant to 28 U.S.C. § 2255 asserting ineffective assistance of counsel in numerous respects and contending that the trial court acted improperly by enhancing his sentence based

upon facts not found by the jury. The trial court denied that motion in January 2010, but in 2011 the Fourth Circuit remanded the case for an evidentiary hearing on one claim of ineffective assistance of counsel. *United States v. Evans*, 429 F. App'x 213 (4th Cir. 2011). Evans was represented by retained counsel at the evidentiary hearing held on April 10, 2012, on the one remaining claim. At the conclusion of the hearing, the trial court denied relief on Evans' final claim for relief under § 2255. Evans did not appeal or otherwise seek a certificate of appealability.

In his petition, Evans contends that (1) the savings clause found in 28 U.S.C. § 2255(e) is unconstitutionally vague [D. E. No. 4 at 6-18]; (2) the child pornography statute, 18 U.S.C. § 2252A, is unconstitutionally vague under *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015) [D. E. No. 4 at 19-21]; and (3) his counsel at the § 2255 hearing rendered ineffective assistance of counsel by not consulting with him regarding a possible appeal. [D. E. No. 4 at 21-28].

The Court has reviewed Evans' petition, but concludes that it fails to establish any plausible grounds for relief. First, the Court has already rejected as substantively meritless Evans' contention that 28 U.S.C. § 2255(e) is unconstitutionally vague, and the Court adheres to that conclusion. [D. E. No. 5 at 2-3]

Second, Evans' contention that 18 U.S.C. § 2252 is void for vagueness is one he could and must have pursued on direct appeal or in an initial motion under § 2255, something he failed to do. A federal prisoner who wishes to challenge the legality of his federal conviction or sentence must do so by filing a motion under § 2255 in the court that convicted and sentenced him. A habeas corpus petition under § 2241 may not be used for this purpose because it is not an additional or alternative remedy to § 2255. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003); *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

28 U.S.C. § 2255(e) permits § 2241 to be invoked for such a challenge, but only if § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). But a motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ...").

The "savings clause" of § 2255(e) only applies where the petitioner is asserting a claim of "actual innocence." *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012) (citing *United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001);

4

*Charles v. Chandler*, 180 F. 3d 753, 757 (6th Cir. 1999) (*per curiam*)). In this context, a § 2241 petitioner may demonstrate that he is actually innocent of the underlying offense by showing that after the petitioner's conviction became final, the Supreme Court re-interpreted the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten*, 677 F.3d at 307-08; *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."). The Supreme Court's newly-announced interpretation must, of course, be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 308.

Evans' claim that the statute under which he was convicted is unconstitutionally vague is one that he could have pursued on direct appeal, and that claim therefore falls outside the narrow scope of claims cognizable under *Wooten*.[1] While Evans invokes *Johnson* as a basis for relief, *Johnson* did not involve, interpret, or even address the statute under which he was convicted, the

---

[1] Even if the Court could reach the merits of Evans' claim, it is substantively without merit: the child pornography statute has repeatedly withstood vagueness challenges. Cf. *United States v. Williams*, 553 U.S. 285, 304-09 (2008); *United States v. Paull*, 551 F. 3d 516, 525-26 (6th Cir. 2009); *United States v. Watzman*, 486 F.3d 1004, 1009-10 (7th Cir. 2007); *United States v. Hockings*, 129 F. 3d 1069, 1072 (9th Cir. 1997).

child pornography statute found in 18 U.S.C. § 2252A. Rather, *Johnson* found a portion of the career offender enhancement in 18 U.S.C. § 924(e)(2)(B) to be unconstitutionally vague. Hence, *Johnson* cannot form the basis for an actual innocence claim related to § 2252A, an entirely unrelated statute.

Finally, Evans' claim that his counsel for the evidentiary hearing on his one remaining § 2255 claim rendered ineffective assistance of counsel is not cognizable in a habeas corpus petition filed under § 2241. Cf. *Mallard v. United States*, 82 F. App'x 151, 153 (6th Cir. 2003) (claim under *Strickland* that counsel was ineffective may not be pursued under § 2241); *Jameson v. Samuels*, 555 F. App'x 743, 746 (10th Cir. 2014) (habeas petition under § 2241 is not the proper vehicle to assert claims of prosecutorial misconduct, ineffective assistance of counsel, and lack of probable cause for warrant).

Accordingly, **IT IS ORDERED** that:

1. Petitioner Evans's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 6th day of June.

Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge